MARCELO MUÑOZ SANTIAGO, lesionado y recurrido, *v.* FONDO DEL SEGURO DEL ESTADO, asegurador y recurrente.

*Número:* O-83-505    *Resuelto:* 19 de diciembre de 1983

*Melva Edet Hoyos,* abogada del recurrente Fondo del Seguro del Estado; *Mayra J. Serrano Borges,* abogada del recurrido.

PER CURIAM: El señor Muñoz sufrió un accidente del trabajo el 5 de octubre de 1976, en el que se le fijó una incapacidad de 25% de las funciones fisiológicas del pie derecho. Posteriormente, reclamó que sufría de una condición emocional relacionada. El Fondo del Seguro del Estado (F.S.E.), le proveyó tratamiento y el 10 de septiembre de 1980 lo dio de alta con un diagnóstico de reacción depresiva clase II relacionada y le reconoció 10% de incapacidad de las funciones fisiológicas generales. Le pagó $2,025 de indemnización por la incapacidad parcial permanente. El obrero apeló a la Comisión Industrial y luego de una vista celebrada el 29 de octubre de 1981 se devolvió el caso al Fondo para que se le diera tratamiento adicional en descanso.

El obrero reclamó dietas por el período comprendido entre el 10 de septiembre de 1980, fecha en que fue dado de alta por el Fondo y el 29 de octubre de 1981, fecha en que la Comisión Industrial ordenó tratamiento adicional. El Fondo denegó la reclamación de dietas porque su médico (el del F.S.E.) estimó que el obrero estaba apto para trabajar durante el período reclamado. En apelación la Comisión Industrial revocó la decisión del Fondo y concedió dietas por el período solicitado.

El Fondo recurrió de la resolución de la Comisión Industrial. Plantea que no procedía el pago de dietas porque el obrero no estaba incapacitado para trabajar ni estaba recibiendo tratamiento que le impidiera trabajar. Ante esos planteamientos expedimos orden a la parte recurrida para que mostrara causa por la que no debía expedirse el auto de revisión y revocarse la resolución recurrida.

La parte recurrida ha comparecido. Señala que fue correcta la concesión de dietas, porque la determinación de la Comisión de conceder tratamiento adicional en descanso al obrero, significa que el Fondo lo dio de alta prematuramente sin haber terminado su período de recuperación. No estamos de acuerdo. La decisión de la Comisión Industrial estuvo basada en la recomendación del Dr. David Caiseda, su psiquiatra consultor, quien evaluó al obrero en agosto de 1981 (casi al final del período de dietas reclamado), y recomendó que se le diera tratamiento adicional en descanso. De esa prueba no puede inferirse que el Fondo actuó prematuramente al darlo de alta. Fortalece esta posición el hecho de que las condiciones emocionales no son constantes y los pacientes pueden mejorar y volver a recaer. La concesión de dietas debe estar sustentada por prueba clara de que el obrero no estaba en condiciones de trabajar, ya fuere por su incapacidad o por su tratamiento, durante todo el período reclamado.

Por los fundamentos expuestos, *se expedirá el auto y se revocará la resolución recurrida.*